ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2005 DEC 15 PM 1: 13

STATESBORO DIVISION

CLERK _L. Flanders_
SO. DIST. OF GA.

DAVID HARRIS,                )
                             )
    Plaintiff,               )
                             )
vs.                          )   CV 605-061
                             )
                             )
VICTOR GUY, et al.,          )
                             )
    Defendants.              )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, brought the instant action pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.[1] 28 U.S.C. § 1915A. After a review of Plaintiff's complaint and prior history of case filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that this action be

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $250.00 filing fee.

**DISMISSED** without prejudice.

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, Compl. form, pp. 1-3). Prisoner plaintiffs are also

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

specifically required to disclose whether they have previously filed a case "dealing with the same facts" as their present complaints. (Id. at 1).

Rather than answering the questions on the form, Plaintiff wrote "No Recollection" in response to each question (Id. at 1-3). Plaintiff did acknowledge filing a single federal case, Harris v. Hall, CV 602-033 (S.D. Ga. March 26, 2002), but did not answer any of the remaining questions on the form regarding his filing history. (Id. at 2). Plaintiff's responses are both dishonest and evasive. Plaintiff had filed at least three cases in federal court at the time he executed the instant complaint: (1) Harris v. Kahn CV 105-170, doc. no. 5 (N.D. Ga. March 10, 2005)(dismissing case as frivolous);[3] (2) Harris v. Hall, CV 602-033, doc. no. 38 (S.D. Ga. Jan. 29, 2004)(dismissing case for failure to amend complaint); (3) Harris v. Wetherington, CV 102-2012, doc. no. 6 (N.D. Ga. Sept. 27, 2002)(dismissing case for failure to amend complaint), *appeal dismissed as frivolous by* Harris v. Wetherington, No. 02-16620-E (11th Cir. June 2, 2003). In each of these matters, Plaintiff abused the judicial process either by filing a frivolous case or appeal or by refusing to comply with court orders to amend his complaint.

In addition to the above-listed matters, the Court is also aware that Plaintiff has repeatedly filed "requests" (purportedly pursuant to the Freedom of Information Act) and petitions for mandamus in which he demands a free copy of "his civil/criminal COURT DOCKET with the FOLIO attached from the date of 1/1/95 thru the year 1997" from the

---

[3] It should perhaps be noted that after dismissing Plaintiff's case in Harris v. Kahn, CV 105-170, the Honorable Willis B. Hunt, United States District Judge for the Northern District of Georgia, specifically warned Plaintiff that he had accumulated at least two "strikes" for the purposes § 1915(g). CV 105-170, doc. no. 5, p. 8 n.2 (N.D. Ga. March 10, 2005).

3

Clerks of Court for the Southern and Northern Districts of Georgia. See Harris v. Thomas, CV 105-091, doc. nos. 2, 7 (N.D. Ga. Feb. 25, 2005)(denying petition for mandamus and dismissing action); Harris v. Clerk of Court, CV 104-165, doc. no. 4 (S.D. Ga. Nov. 23, 2004)(denying request for documents and leave to proceed IFP, closing case); Harris v. Clerk, CV 404-127, doc. no. 4 (S.D. Ga. Sept. 1, 2004)(same), Harris v. Clerk, 104-2203, doc. nos. 2, 7, 12 (N.D. Ga. Aug. 16, 2004)(explaining to Plaintiff how he may obtain copies of court documents and dismissing case). In short, Plaintiff has a history not only of frivolous litigation but also of harassing court personnel.

Now Plaintiff has compounded his abusive litigation tactics by attempting to deceive the Court regarding his filing history. As the Seventh Circuit has aptly noted, "A litigant who follows frivolous litigation with fraud has no claim to a tender reception." Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999). Moreover, the Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[4]

In sum, Plaintiff has continued his abuse of the judicial process by providing

---

[4]The practice of dismissing a case as a sanction for providing false information about prior filing history has been previously utilized in the Southern District. See Shaw v. Smith, CV 603-066 (S.D. Ga. May 30, 2003).

dishonest information about his prior filing history in the instant case. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.). The Court also warns Plaintiff that, following the dismissal of this case, he will be subject to the "three strikes" provision of § 1915(g) and will not be allowed to proceed IFP in this District absent a showing that he is under imminent danger of serious physical injury.

SO REPORTED and RECOMMENDED this 15th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

DAVID HARRIS )

vs )          CASE NUMBER  CV 605-061

GUY )         DIVISION  STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 12/15/05, which is part of the official record of this case.

Date of Mailing:  12/15/05

Date of Certificate   [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

**Name and Address**

DAVID HARRIS SERVED @ PRISON ADDRESS

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate